JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 869         FEB -6 1991

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CLERK OF THE PANEL

IN RE FIRST AMERICAN CENTER SECURITIES LITIGATION

> Richard A. Biorn, etc. v. First American Center Limited
> Partnership, et. al., N.D. California, C.A. No.
> C-90-3167

> Robert D. Dilley v. First American Center Limited
> Partnership, et al., S.D. Iowa, C.A. No. 90-362-B

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,[*]
LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND
WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation consists of the two above-captioned actions
pending in the Northern District of California and the Southern
District of Iowa.  Before the Panel is a motion, pursuant to 28
U.S.C. §1407, brought by plaintiff in the California action seeking
centralization of the actions for coordinated or consolidated
pretrial proceedings in the Southern District of Iowa or,
alternatively, in the Northern District of California.  Plaintiff
in the Iowa action supports centralization in the Southern District
of Iowa.  All defendants agree that centralization is appropriate
in this docket, but they disagree with movant's proposed forum
choices.  The defendants unanimously favor selection of the
Southern District of New York as transferee district.

On the basis of the papers filed and the hearing held, the
Panel finds that the actions in this litigation involve common
questions of fact, and that centralization under Section 1407 in
the Southern District of New York will best serve the convenience
of the parties and witnesses and promote the just and efficient
conduct of the litigation.  Both actions are brought as securities
class actions on behalf of individuals who invested $17 million in
a limited partnership organized in 1986 to acquire an office
building in Nashville, Tennessee.  In both actions, plaintiffs
allege misrepresentations or omissions concerning the valuation of
the Nashville property, its economic prospects, and the risks
associated with investment in the partnership.  Centralization
under Section 1407 is thus desirable in order to avoid duplication
of discovery, prevent inconsistent pretrial rulings (especially
with respect to class certification determinations), and conserve
the resources of the parties, their counsel and the judiciary.

---

[*]Judge Pollack took no part in the decision of this matter.

-2-

     We are persuaded that the Southern District of New York is the most appropriate forum for this litigation.  We point out that records and witnesses of the partnership, the partnership's general partner, the brokerage firm defendant that sold the partnership interests, the accounting firm that provided auditing services to the partnership, and the law firm that prepared the offering materials are all in New York City or its environs.  While no constituent action is presently pending in the New York forum, we note that in a ruling from the bench issued on December 21, 1990, the judge assigned the California action in this docket i) granted defendants' motion under 28 U.S.C. §1404 for transfer of that action to the Southern District of New York, and ii) simultaneously stayed the effectiveness of the transfer pending the Panel's decision on the Section 1407 motion.  Thus, but for the pendency of the motion now before the Panel, the California action would now be pending in the New York district.

     IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the above-captioned actions be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles L. Brieant for coordinated or consolidated pretrial proceedings.

                    FOR THE PANEL:

                    _____
                      John F. Nangle
                        Chairman